UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APRIL L. GREENE,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | Case No. C12-231-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

April L. Greene seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She contends the ALJ erred by incorrectly assessing Dr. Gary Gaffield's opinions and thus her residual functional capacity ("RFC"). Dkt. 11. The Court agrees and recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

**BACKGROUND**

The procedural history is not at issue and need not be discussed.[1] At issue is the ALJ's written decision finding Ms. Greene not disabled. Tr. 9-30. Utilizing the five-step disability

---

[1] *See* Dkt. 11 at 1 (opening brief) and Dkt. 12 at 2 (response).

REPORT AND RECOMMENDATION - 1

evaluation process,[2] the ALJ found at step one, Ms. Greene had not worked since February 1, 2004; at step two, Ms. Greene had the following severe impairments: diabetes mellitus, sleep apnea, hypertension, obesity, affective disorder, and anxiety disorder; at step three, these impairments did not meet the requirements of a listed impairment;[3] Ms Greene had the RFC to perform sedentary work with the following limits: she can lift and carry ten pounds occasionally and five pounds frequently; she needs to be able to alternate between sitting and standing at will; she is limited to walking two hours in an eight-hour day; she can push and pull on an unlimited basis; and she has no limits on gross and fine movements except for occasional pushing with the right lower extremity; at step four, Ms. Greene could not perform her past work; and at step five, as there are jobs Ms. Greene could perform, she is not disabled. Tr. 9-26. As the Appeals Council denied Ms. Greene's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

**DISCUSSION**

**A.      The ALJ's assessment of Dr. Gaffield's opinions**

The ALJ gave "great weight" to examining doctor Gary Gaffield, D.O.'s, opinion that Ms. Green "would be limited to walking or standing to less than two hours during an eight-hour day." Tr. 21-22. The ALJ thereafter found Ms. Greene had the RFC to perform sedentary work but "requires the ability to alternate between sitting and standing at will, and she is further limited to walking two hours in an eight-hour day." Tr. 17. At the hearing the ALJ conducted, the ALJ asked the vocational expert to assume, among other things, Ms. Greene had "a walking ability two of eight." Tr. 53.

Ms. Greene argues Dr. Gaffield's opinion that she is limited to walking **less than** two

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

hours in an eight-hour day establishes a greater degree of impairment than the ALJ's finding that Ms. Greene had the RFC to perform work **limited to** walking two hours in an eight-hour day. The Commissioner argues the difference between Dr. Gaffield's opinion and the ALJ's finding is so slight that it is inconsequential. Dkt. 12 at 5. The Commissioner also argues even if the ALJ erred, it was harmless because the ALJ's finding that Ms. Greene had the RFC to perform sedentary work is consistent with Dr. Gaffield's opinion, and because the ALJ included a "sit/stand option at will" allowing Ms. Green to stand for far less than two hours each work day. *Id.* at 5-6.

There are few decisions to assist the Court in resolving these arguments and no controlling circuit precedent. However, the Court concludes the ALJ erred and the matter should be remanded for further proceedings.

First, a difference exists between the phrase "less than two hours" and phrases such as "limited to two hours," or "about two hours," and the difference is not inconsequential. This difference was discussed in *Simpson v. Astrue*, No. 10-CV-06399BR, 2012 WL 1340113 at *6-7 (D. OR., April 18, 2012). In *Simpson*, the ALJ, giving great weight to Dr. Nolan's opinion that the claimant was able to stand less than two hours, interpreted the opinion "to mean that Plaintiff is able to perform sedentary work during which he is able to stand and walk for 'at least two hours' in an eight-hour work day." *Id.* at *6. The Court rejected the Commissioner's arguments that the phrase "less than two hours" was synonymous with "about two hours" or that "less than two hours" was consistent with a finding the plaintiff could perform sedentary work. *Id.* at 6-7.

The Court found the ALJ's error was not harmless, and remanded the matter with direction that the Commissioner "clarify from Dr. Nolan whether Plaintiff is capable of performing sedentary work in light of his opinion that, in addition to his other physical

REPORT AND RECOMMENDATION - 3

1  limitations, Plaintiff is capable of standing and walking for less than two hours." *Id.* at *7.

2  Similarly in *Neydavoud v. Astrue*, 830 F. Supp. 2d 907 (C.D. Cal. 2011), the ALJ found
3  the claimant could "stand/walk up to 2 hours total in an 8-hour workday," although Dr.
4  Haberman, a treating doctor, opined the claimant "could stand and/or walk less than two hours in
5  an eight-hour workday." *Id*. at 909, 912.  The Court found the ALJ erred in failing to explain the
6  weight to be given Dr. Haberman's opinion that plaintiff could stand or walk less than two hours
7  in an eight-hour workday, and in failing to include the limitation in assessing the plaintiff's RFC,
8  and that these errors were not harmless. *Id.* at 912-13.

9  The difference between "less than" and "up to" is also highlighted in *Bell v. Astrue*, 640
10 F. Supp. 2d 1247 (E.D. Cal. 2009).  In *Bell*, examining doctor Sanford Selcon, M.D., opined "the
11 number of hours the claimant could stand/walk in an 8-hour work period would be less than two
12 hours." *Id.* at 1253.  The ALJ rejected this opinion and found instead that the claimant had the
13 RFC to perform sedentary work and "stand and/or walk for up to two hours during an 8-hour
14 workday." *Id.*  The Court held the ALJ erred in rejecting Dr. Selcon's opinion, erred in failing to
15 include the doctor's "less than" limitation and include that limitation in the hypothetical question
16 posed to the vocational expert, and that the matter should be remanded for further proceedings.
17 *Id.* at 1256.

18 The Court finds the reasoning in these decisions are sound and sensible, and concludes
19 there is a difference between the phrase "less than two hours" and phrases such as "limited to
20 two hour," or "about two hours," and that the difference is not inconsequential.  A claimant who
21 is limited to walking "less than" two hours is more impaired than a claimant who is able to walk
22 for "up to" or "about" two hours.  Given this difference a finding that a claimant can perform
23 sedentary work—which requires being able to walk "about" two hours—is not consistent with a

REPORT AND RECOMMENDATION - 4

finding that a claimant is able to walk "less than" two hours.

Second, the ALJ's finding that Ms. Green should be afforded a "sit/stand option at will" does not render the ALJ's error harmless. The Commissioner presents no authority that a "sit/stand option at will" limitation is the equivalent or includes a walking for less than two hour limitation. If the two limitations were recognized as the same, *Simpson v. Astrue* and *Neydavoud v. Astrue* would have been decided differently. In *Simpson v. Astrue*,[4] the ALJ found the claimant "must have the opportunity to sit or stand at will" and in *Neydavoud v. Astrue*, the ALJ found the claimant "must be afforded the opportunity to sit and stand as needed in 30 minute intervals." *Neydavoud*, 830 F. Supp. 2d at 910. However, it appears neither party argued a "sit/stand at will" limitation rendered the ALJ's failure to include a standing limitation of "less than" two hours harmless, or that the two limitations were the same. Additionally, neither reviewing Court indicated the two limitations were the same, or mattered to the Courts' analyses.

Moreover, there is nothing in the record showing the ALJ or the vocational expert understood "sit/stand at will" included or was the equivalent to being limited to walking for less than two hours. Rather the ALJ plainly presented the walking limitation to the vocational expert as simply "a walking limitation of two of eight." Tr. 53. Accordingly, short of speculation, the record does not support the Commissioner's argument that the sit/stand limitation encompassed a walking for less than two hour limitation. Furthermore, as the Commissioner's arguments amount to an explanation the ALJ did not set forth or adopt, the Court cannot rely on them to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

**B.     The matter should be remanded for further proceedings**

As noted above, the ALJ gave great weight to Dr. Gaffield's opinion that Ms. Greene was

---

[4] *Simpson*, 2010 WL 1340113 at *4.

REPORT AND RECOMMENDATION - 5

limited to walking less than two hours in an eight-hour workday.  Without explanation, the ALJ erred in failing to include this limitation in assessing Ms. Greene's RFC and in the hypothetical question presented to the vocational expert.  Because the ALJ failed to include all of Ms. Greene's limitations in assessing her RFC, the ALJ erred and the matter should be remanded for further proceedings.

Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).  As the Court concludes additional proceedings could potentially remedy defects in the original administrative proceedings, this matter should be remanded for further proceedings.  *See McCartey*, 298 F.3d at 1076.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.

On remand, the ALJ should (1) reassess Ms. Greene's RFC by including the limitation that Ms. Greene can walk less than two hours in an eight-hour workday with the other limitations the ALJ previously found in assessing her RFC (Tr. 17); (2) proceed to steps four and five as appropriate; and (3) call a vocational expert as necessary.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **September 28, 2012.**  If no objections are filed, the matter will be ready for the Court's consideration on **October 5,**

REPORT AND RECOMMENDATION - 6

1  **2012**.  If objections are filed, any response is due within 14 days after being served with the
2  objections.  A party filing an objection must note the matter for the Court's consideration 14
3  days from the date the objection is filed and served.  Objections and responses shall not exceed
4  twelve pages.  The failure to timely object may affect the right to appeal.
5          DATED this 14th day of September, 2012.

                                                     _____
                                                     BRIAN A. TSUCHIDA
                                                     United States Magistrate Judge

REPORT AND RECOMMENDATION - 7