UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APRIL L. GREENE,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | Case No. C12-231-RSM-BAT<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR EAJA FEES AND COSTS** |

Plaintiff seeks attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") after prevailing in a Supplemental Security Income and Disability Insurance Benefits action. Dkt. 17. Plaintiff seeks $6,871.50 in fees and $350.00 in costs, and an additional $826.79 for the time defending the fee request. Dkt. 19. There is no dispute plaintiff is a prevailing party and is entitled to EAJA fees and costs. The Commissioner agrees plaintiff should be awarded $350 in costs, but argues the fee request is "unreasonable and should be significantly reduced." Dkt. 18 at 2. The Court recommends plaintiff be awarded **$7,229.23** in attorney fees, and **$350.00** for a total of **$7,579.23**.

## DISCUSSION

A court shall award a prevailing party attorney fees and other expenses incurred in civil

actions brought against the United States, unless the United States's position was substantially justified, or special circumstances would make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).  The Commissioner agrees plaintiff should be awarded costs but argues the Court should reduce the fee request.

The Commissioner first argues the 7.1 hours of attorney time plaintiff expended on initiating the action is "excessive."  The Commissioner has not articulated exactly why the request is excessive; for instance, the Commissioner presents nothing showing it was unreasonable for counsel to meet his client for 1.3 hours.  Dkt. 18 at 2.

The Commissioner next argues plaintiff improperly seeks compensation for primarily clerical tasks.  *Id.* at 3.  "[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  Here the Commissioner contends plaintiff's request for preparing the file and administrative record (2.6 hours), filing the complaint and summons (.8 hours), serving the complaint and summons (.7 hours), filing the opening brief (.3 hours) and filing the reply brief (.3 hours) should be denied because they are "primarily clerical in nature."  Dkt. 18 at 3.  Plaintiff seeks $816.53 for these tasks (4.7 hours x $173.73 the attorney hourly fee rate).  Dkt. 17 at 2.

The Court finds filing and serving the complaint and summons and filing the opening and reply briefs are clerical in nature.  *See, Neil v. Comm'r of Soc. Sec.*, No. 11-35996, 2012 WL 5462568 at *1 (9th Cir. 2012) (unpublished) (district court did not abuse its discretion in not awarding attorney's fees for purely clerical tasks such as filing documents and serving summons); *Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (counsel not entitled to attorney's fees for "clerical matters such as the filing of pleadings").  Accordingly, the

REPORT AND RECOMMENDATION ON
PETITION FOR EAJA FEES AND COSTS - 2

Court finds 2.1 hours or $364.83 in fees, should be deducted from the fee request.

The Commissioner next argues counsel spent too much time to prepare his opening and reply briefs given their length and the fact plaintiff raised one issue.  There is no hard and fast rule as to what constitutes a reasonable EAJA fee request.  Rather, a judge must exercise his or her sound discretion in awarding EAJA fees.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007).  In other cases, judges have awarded fees greater than sought in this case.  *See e.g., Johnson v. Astrue*, 2008 WL 3984599, (N.D. Cal.) (unpublished decision) (57 hours awarded in case that was not overly complex and fairly routine); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (citing cases in which as many as 41-46.5 hours of time were compensated); *Mendoza v. Bowen*, 701 F. Supp. 1471 (N.D. Cal. 1988) (allowing 50 hours in a case lacking any novel issues); *Burleson v. Astrue*, 2009 WL 364115 (W.D. Wash. 2009) (unpublished opinion allowing 49.3 hours for attorney time including 43.9 hours for the merits and 5.4 hours for the EAJA fee application); *Zimmerman v. Astrue*, 2008 WL 906460 (E.D. Cal. 2008) (unpublished opinion allowing 48.35 hours); *Harris v. Astrue*, C09-237, 2010 WL 2161825 (W.D. Wash. April 29, 2010) ($8077.94 in attorney fees awarded).

By this measure, there is nothing unusual about plaintiff's fee request for 37.4 hours of work.  The Court has considered the nature of the action, the size of the record, the issues raised, plaintiff's fee petition and finds counsel expended a reasonable amount of time on his briefing.  The Commissioner's argument plaintiff's counsel could have done the briefing quicker is subjective, and an argument that could always be made in every case.  The test is not how fast counsel could prepare a case but whether the amount of time counsel expended was reasonable.  The fact counsel, after reviewing the case, made the strategic choice of raising one versus many issues is not a basis to discount counsel's work.  The Court does not encourage or reward

REPORT AND RECOMMENDATION ON
PETITION FOR EAJA FEES AND COSTS - 3

briefing that is overly long, filled with unhelpful information and which raises numerous and sometimes frivolous arguments.  A lawyer who expends time carefully analyzing a case and who drafts a short winning brief should not be penalized.  Accordingly, no reductions for the time counsel spent on his briefing is warranted.

Finally, the Commissioner argues the 1.7 hours plaintiff took to draft and file the EAJA petition is excessive because the petition is "very minimal." Dkt. 18 at 3.  This is not a case in which the billing entries were so minimal that it would be hard to see how any reasonable lawyer would spend 1.7 hours on an EAJA fee petition.  *See e.g., Em v. Astrue*, No. 10-01414, 2012 WL 691669, at *8 (E.D. Cal. March 2, 2012) (1.5 hour request reduced .2 hours where EAJA petition contained only three time entries).  However, because the Ninth Circuit deems "filing" to be clerical task, the Court must reduce .3 hours[1] from plaintiff's fee request.

Plaintiff also seeks an additional $826.79 for the time defending the fee request.  The Court finds the additional fee request to be justified and reasonable, minus .3 hours[2] for the time expended on filing the reply.

## CONCLUSION

The Court recommends plaintiff as the prevailing party be awarded EAJA fees and costs of attorney fees for **$7,229.23** and **$350.00** in costs for a total of **$7579.23**.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **February 14, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **February 15,**

---

[1] Plaintiff did not itemize the time expended for filing the EAJA petition. However, .3 hours would be consistent with the time plaintiff claimed for other pleadings such as his opening and reply briefs.

[2] *See* n.1, above.

**2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 31st day of January, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PETITION FOR EAJA FEES AND COSTS - 5